OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 21, 1999

Mr. R. R. Noble                          Opinion No. JC-0084
Andrews County Auditor
County Courthouse, Room 109              Re:   Whether a county auditor may require a county
Andrews, Texas 79714                     attorney to submit documentation for expenses
                                         incurred from the hot check fund   (RQ-0014)

Dear Mr. Noble:

You have asked this office whether you as the county auditor may require the county attorney to provide receipts for purchases of goods and services from the "hot check" fund, or for reimbursement of such purchases therefrom. Given that, as it appears, the requiring of such receipts is an ordinary accounting and control procedure of your office, you may.

Article 102.007 of the Code of Criminal Procedure establishes the so-called "hot check" fund, a fund amassed by the collection of a fee for the collection and processing by the county, district, or criminal district attorney of forged or dishonored checks. Subsection (f) provides that these fees

> shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from this fund.

This language has been subjected to analysis in a number of opinions of this office, which have uniformly held that the attorney has exclusive control over monies in the fund. *See, e.g.,* Tex. Att'y Gen. Op. Nos. DM-357 (1995), JM-1034 (1989), JM-738 (1987).

In Attorney General Opinion DM-357, we concluded that the "hot check" fund was "wholly outside of the county budgeting process," Tex. Att'y Gen. Op. No. DM-357 at 6, and that accordingly the county judge and county auditor were not authorized "to require the county attorney to submit a budget" for the fund. *Id.* at 6-7.

While DM-357 affirmed the attorney's control of the fund, it pointed out that that control was not *carte blanche*:

> [T]he county attorney is accountable for the proper use of the fund. The auditor is authorized to oversee the county attorney's books and records regarding the fund. Moreover, the county auditor is required, at least annually, to "fully examine" the county attorney's accounts. The county attorney must file all necessary reports concerning the receipt and expenditure of monies to the fund (after the county attorney has received or expended the money). Finally, as we have suggested previously, the county attorney must administer the fund in accordance with any accounting and control procedures prescribed by the county auditor.

*Id.* at 8 (citations and footnotes omitted).

Your correspondence demonstrates that the request for receipts is an ordinary accounting and control procedure of your office. That being the case, you may require the production of such receipts in this connection.

## S U M M A R Y

A county auditor may, as an ordinary accounting and control procedure, require the county attorney to provide receipts for purchases of goods and services from the "hot check" fund, or for reimbursement for such purchases therefrom.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General